The opinion of the Court was delivered by
MüNro, J.
It appears that the defendant’s husband died *355 sometime prior to tbe month of February, 1857, intestate, and that some short time afterwards, she made application to be allowed the benefit of the Homestead Act. That the commissioners appointed pursuant to the provisions of that Act, on the 8th of May following made their return, allotting to her the homestead, and fifty acres of land. On the 11th of December, the sheriff, by virtue of afi.fa. against the defendant’s husband, levied upon a Bfcrse, which the defendant also claimed under the Homestead Act, so that it is upon this claim which the defendant set up to the horse in question, that the plaintiff now seeks to charge her as an executrix in her own wrong.
Under the recent Act of 1851, the Homestead Act, no formal proceedings were required to be instituted in reference to the chattels that were exempt by its provisions; it was only in relation-to the homestead, and the fifty acres of land, that formal proceedings were rendered necessary. The defendant having been in possession of the horse from the death of her husband, it is fair to presume, that she claimed it under the Act of 1851, at the same time that she instituted proceedings in relation to the land. But assuming that she delayed to assert her right up to the time of the levy by the sheriff, this could by no means affect her right to do so, provided it was done prior to the repeal of the Act. It is therefore manifest that the defendant’s title to the horse in question under the Act of 1851, was as completely vested in her, as was her title to the homestead, and the subsequent repeal of the Act, could no more affect her title in the one case, than it could in the other.
The motion to reverse the circuit decision is therefore granted.
O’Neall, Wardlaw akd Whitner, J.J., concurred.
Motion granted.